May it please the court, Robin Frank on behalf of the appellant Northeast 32nd as agent for the Frank Sawyer Revocable Trust. We're here today on a very unique case. It seems that it's not unique, it's just about when did the statute of limitation start accruing under the Quiet Tidal Act, but there's not a single case out there, regardless of the analogous cases that we cite or that the government cites, that is actually directly on point. There's not a single case out there that in any way, shape, or form involved the government itself issuing . . . Here's my problem with your case, the problem I'm having. How on earth could the 2013 easement create adversity between you and the government when it merely limited the government's rights over the property at most? Even if it . . . I'm not even sure it does that, but it seems to be your theory that it does. Your Honor, so the government has a spoil easement that entitles it to place spoil on the property. Right. The property is owned by Northeast 32nd Street. They apply for a permit. The purpose of the permit is to build a house and construct a dock. The Army Corps of Engineers says, we'll grant this permit on one condition. There has to be a conservation easement, which expressly prohibits the placement of spoil on the property. By the . . . By your . . . By anyone. Yeah, but . . . Anyone. Not just by . . . It doesn't limit the government's right, does it? No one is entitled to place spoil on that property. That's the whole point of the conservation easement. It's not just limited to this person who's going to be . . . Okay, but how does that create adversity between you and the government? I mean, that's just . . . if you're right about that, then that just limits the government's rights. Because Northeast 32nd can't construct a house and build a dock if the spoil easement is in place. Because if you can't place . . . if it's in place, then they can't build on that property. So initially, there were two . . . It's been in place since 1938. Correct. It has been in place since 1938. That's what you're really attacking, it seems to me. I believe that the government's claim is . . . More than 80 years ago. I believe that the government's claim is not the same anymore. I think once that conservation easement was issued and recorded, and it said, now, you can't place spoil on the property, you're entitled to build. Okay, it's always said that there was a spoilage . . . the government's always had its spoilage easement. That's what you're attacking. Correct. We are attacking the spoilage easement, but I don't believe the statute of limitations is triggered until the interests are adverse to one another. And there was no adversity in 1938, they peacefully coexisted. Adversity didn't come into existence until the conservation easement was entered and said no one can place spoil on the property. We go to build and the government says, wait a minute, we believe we still have the right to do it, which they don't. And so now there's actually a conflict, and the government acknowledged in the district court that there is a conflict between the conservation easement and the spoil easement. That's been conceded for this appeal. But in 1938, the property owner that granted that spoilage easement, their interest was an unencumbered fee on that entire tract. The Corps of Engineers of the U.S. government, whoever had the spoilage easement, their interest was in exercising their rights. Weren't those adverse interests at that point? Those are adverse title interests, are they not? I don't believe so, Your Honor, because the case law is very clear. Whether you look at Lesnoy or the Saving America's Mustangs makes it clear. An easement in and of itself is not bright line, always adverse to fee simple ownership. They can, in many times, peacefully coexist. If you look at the definition of an adverse interest, if you look at the definition of an easement, the serving estate and the dominant estate can peacefully coexist. This easement itself even recognized the mutually beneficial nature when the original owner, predecessor, and interest granted and conveyed that easement to the government. If the test was an easement and fee simple are always adverse, then you wouldn't have had Lesnoy's. You wouldn't have had Saving America. There would be so many cases that would have been decided differently if they were adverse from inception. But the only fact that's changed since 1938, as I read this, is that the spoilage easement now impedes the plaintiff's now desired use of the property. But the adverse interest was there from the beginning, was it not? I read it differently, Your Honor. I read it that what has changed is the government itself requiring, issuing, and requiring the preservation easement that prohibits the government in anyone's right to place spoil on the property. A lot of the other cases that are cited by the government that involve changed circumstances dealt with the fact that surrounding circumstances change, land change, times change. Not a single case involved the government itself. You're saying is the government has an adverse interest with itself. The adversity is internal to the government, not with your client. There's adversity with both. There is. Absolutely. As the government conceded, there is a conflict between the conservation easement and the spoil easement. They both can't come into play. If the conservation easement stays in place, and if that's the one that governs, then the spoil easement goes away. If the spoil easement- You want to force the government to litigate against itself, it seems to me. I don't believe so, Your Honor. I believe that if, when the facts and evidence came out, if we were permitted to actually put our case on in front of the district court, and the evidence would show that the conservation easement not only conflicts with the spoil easement, that we can establish all the necessary factors to quiet title, that that would happen. When I started reading the record in this case, what really kind of occurred to me was, why is this really not a takings case, rather than a quiet title case? Because you've got the government taking these two positions. That, in effect, has harmed the value of the property to your client. It seems to me this is a better takings case than it is a quiet title case. Your Honor, we were not the attorneys who originally filed the complaint. We're dealing with, when we got involved, there was a motion to dismiss Penney for lack of subject matter jurisdiction, and we have to deal with the complaint on its face. There is no takings claim in there. It's a quiet title act claim, and while there may or may not be a better takings case, that's not the facts of this case or the cause of action that's there. I understand, but I just think it's a stretch on the quiet title, because I do, I still believe that the adverse interest was there from 1938. Your Honor, obviously, and this was conceded at the briefs and in the district court, if you find that there is adversity from inception, then the government's decision, the government's position is correct, and we'll lose this case. We believe that that's not the proper interpretation based upon the applicable case law, based upon even this court's prior decisions, and based upon the facts of this case. We don't believe that there was an adverse interest between the initial easement and the fee ownership until this conflicting and superseding conservation easement. If you don't have any further questions, Your Honor, I'll just come back on the floor. Thank you. Thank you, Ms. Frank. You've saved your time for rebuttal. Mr. Erickson, Paul Grzelski. Thank you, Your Honor. Yes. May it please the Court. Anthony Erickson, Paul Grzelski, on behalf of the United States. The district court's order dismissing this case for lack of subject matter jurisdiction should be affirmed because Northeast 32nd Street filed its civil action in violation of the Quiet Title Act's jurisdictional twelve-year statute of limitations. As explained in the brief . . . It's jurisdictional because it's sovereign immunity. Correct. And what's important about that in Block, the Supreme Court case that we cite to establish it, as well as this circuit court in FEB and in several other cases, establishes that it is jurisdictional because it is a waiver of sovereign immunity. And as such, it must be strictly construed and observed. And so one of the things the government wants to focus on and point out here is that Northeast 32nd Street's argument in this case for the accrual of the cause of action and therefore the triggering of the statute of limitations does not cite to or rely on the plain and unambiguous language of the Quiet Title Act. It does not refer to any legislative history or intent, nor does it look to Block or distinguish Block in any way. Rather, what Northeast 32nd Street had proposed to the district court and now again repeats to this court is that there's this adversity proposition that isn't satisfied in this case. First and foremost, the adversity proposition is a court-created rule. And that court-created rule, and Block establishes this, cannot supersede or trump the plain and unambiguous language of the statute. Fortunately, in this case, we don't have that problem. Because in this case, as the court has recognized already, there is an adverse interest. The Quiet Title Act itself requires under subsection D that the plaintiff plead with particularity its claim and the claim of the United States. The claim that the plaintiff pled, Northeast 32nd Street in this case, was fee unencumbered by the spoil easement. The claim of the United States they pled is the spoil easement. There is adversity between those two claims. And that adversity existed in 1938. More importantly, there was notice of that claim of the United States in 1938. Could you satisfy my curiosity, what's the position of the government about whether the in any way modifies or alters the spoilage easement? Has the government, by granting this conservation easement, or having, I guess, Northeast 32nd grant a conservation easement, has it basically agreed that it's not going to exercise the spoilage easement? No, Your Honor. And interestingly, while Northeast 32nd Street attached most, if not all, of the relevant supporting documents to its complaint and therefore incorporated that by reference, they interestingly did not attach the conservation easement. So it's not before the court, and I can address it if the court's interested, but I won't because it's not in the record. But what I can tell you that is in the record, if you look at the permit that was issued, which is in the record, and that's Docket Entry 1-8, the permit itself makes clear that all the Army Corps of Engineers is doing is responding to an application to disturb wetlands on the property. That permit then says, OK, if you want to disturb those wetlands, here's what you have to do. It makes the point that the Corps does not do an independent research on property rights. It explicitly says that the permit does not grant any property rights or make any determination on property rights. And it explicitly states that the permit cannot supersede or trump any federal projects on the property. So to the extent that there even exists a conflict, it would be nullified by the fact the permit itself cannot stand for that proposition that the government somehow knowingly waived any spoil easement rights. You can still put spoil on the easement, where the place is the easement. So yes, the government would take the position we can still place spoil on the spoil easement, on the one acre. So when she says that the government, I think I understood her argument correctly. When she says the government concedes there's a conflict between the spoil easement and the conservation easement, what do you say to that? So again, the spoil, the conservation easement isn't attached to the complaint. So all we can go by is what's in the complaint and what's pled. And in the complaint they pleaded. I guess you just gave your argument. It's all, the spoil easement, the terms of spoil easement are built into the conservation easement because you say we're not interfering with prior property rights. Well, I'm saying the conservation easement couldn't trump the spoil easement because the permit that the conservation easement is supposedly filed to effectuate explicitly says it doesn't affect property rights. But in answering the first question, what the government's position is, is we have to, we've done a facial challenge, done a factual challenge on subject matter jurisdiction. So we're accepting their allegations as true and they've alleged that there's a conflict between the conservation easement and the spoil easement. And that's a merits question. So we didn't really raise that because in this case it's, I think, fairly clear that the Quiet Title Act statute of limitations has accrued in 1938. And I want to stress really quickly that the language of the Quiet Title Act in subsection G, which is the statute of limitations, is clear. It says that the cause of action shall be deemed to have accrued upon the plaintiff or his predecessor in interest knowing or should have known of the claim of the United States. There is no Supreme Court case, there's no case issued by this court or any court in this circuit to find that when there's actual notice of the claim of the United States in controversy that at the time of that notice accrual did not occur. That does not exist. The only case, arguably, that Northeast 32nd Street has cited is the Saving America's Mustangs. That case, however, does so as a reference to Lesnowey without any analysis and without explaining how that holding could be reconciled with the plain language of the statute. And I want to briefly, and I know it's in the brief, but I want to stress this because Northeast 32nd Street stresses that Lesnowey is the seminal case for them. And it's got some complicated facts. The holding in Lesnowey, however, cannot be read in light of the facts to stand for the proposition that Northeast 32nd Street has brought to this court today. It cannot be read to stand for the proposition that a cause of action under the Quiet Title Act only accrues upon notice if at the time of notice there is a showing of adversity. That's not what was before the court in the Ninth Circuit in Lesnowey. Rather, what happened in Lesnowey is there, and these are some, I'm going to break this down really quick because they're complicated facts. The government gave a patent under a statute that allowed for the transfer of property to native village corporations. The United States did not dispute that Lesnowey, Inc. was a native village corporation. That patent reserved an easement interest on the part of the United States. That patent also included a reversionary interest that if the grantee were not a native village corporation, the fee interest would revert to the United States. A third party, not before the Ninth Circuit or the court in Lesnowey, filed a les pendants, causing Lesnowey, Inc. to sue the United States to try to clear that cloud on title. The les pendants, to stress, the les pendants that was filed goes to the fee title, has no relationship whatsoever with the United States' interest in the easement. The Ninth Circuit, nonetheless, in the Quiet Title Act, there's multiple jurisdictional provisions. The first is in subsection A, and it requires to dispute the title in which the United States claims an interest. The Ninth Circuit read that broadly and said, okay, the United States is not claiming fee interest in this case, which is the claim in dispute, but it undisputedly is claiming an easement, which is not in dispute. And the Ninth Circuit held that that claim was sufficient to satisfy subsection A. It was in response to that formulation that the government proposed a counter-argument to the court and said, well, if the claim of the United States for subsection A purposes is the easement claim, which is not the subject of the Quiet Title Action, then that claim has already expired because there was notice of the easement claim more than 12 years ago. And it was in response to that formulation that the Ninth Circuit says, this makes no reason why we should start the statute of limitations for a claim that's not in dispute and is not in controversy. That's the language it uses, and that's what List No. 8 holds and stands for. The claim of the United States, which is required to trigger the statute of limitations, only need be the claim in controversy. As subsection D requires strict pleading, and they pled that the claim they're challenging the spoil easement, it was upon knowledge of that spoil easement that the statute of limitations began. In light of the fact that the Quiet Title Act statute of limitations is jurisdictional, in light of the fact that notice is undisputed, the United States asks that this court affirm the district court's holding that there was a lack of jurisdiction. There's no further questions. The United States will rise now. Thank you for your time. Thank you. Thank you. Ms. Frank. If you go back to the actual conservation easement, which is in the record at docket entry 1-9, it's a perpetual conservation easement that runs in perpetuity on the land. It's not just, okay, while the owner is- It's really regulating the permittee, though. It's not regulating the United States as a- While the conservation easement might be regulating the permittee, it's very clear that it must be recorded. It's a covenant running with the land that prohibits in any way, shape, or form dumping or placing of soil. It's not just for this one person- By the permittee. By the permittee or anyone else. It prohibits the placement of soil on the property. While I understand that the government stood up here and said, no, it doesn't change it, in the lower court, and the record is very clear, they acknowledge there's a conflict. They acknowledge that the two of them can't coexist. What he says, he just had to accept your pleadings on their face. Correct. Since it's a facial attack, that's where we're at procedurally here as well. More importantly- You say it's a conflict. I'm not so sure that that was right because when I read what you've stated and alleged in your complaint about the easement, it's not clear to me that there is a conflict. If you look at the easement itself, I think it's very clear that because it runs in perpetuity, it runs against the land. It was required also by the DEP, the Florida DEP, that it's not just against the permittee. It's not permittee, you can't place spoil, or soil, or dump anything on this small piece of property, but anyone else can. It was in perpetuity, you must record this so that everyone is on notice that no one can place soil, spoil, dump anything on this narrow area of the land. More importantly, what I'd like to point out is the district court, procedurally how it came here, denied a motion to dismiss, then granted a motion for reconsideration. In granting the motion for reconsideration and finding that there was no subject matter jurisdiction, very much feared, and this is from her order, a broader implication that if she held the statute of limitations didn't accrue until the government either knew or should have known that the plaintiff planned to restrict government access to the easement, that that's inconsistent with the concept of sovereign immunity, except there's no allegation or facts that Northeast 32nd endeavored to restrict the government's access to the spoil and to remediate it. Again, it's the government itself that did that. I don't think the district court relied upon, the government argued that FEB is the seminal case that was decided properly, but factually, we're not the same. For those reasons, Your Honor, we believe that the district court's decision should be reversed. Thank you, Ms. Frank. We have your case. The court will stand in recess until tomorrow.